UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DEBORAH WALTON,              )
                             )
          Plaintiff,         )
     vs.                     )          No. 1:09-cv-1136-TWP-DML
                             )
CLAYBRIDGE HOMEOWNERS        )
  ASSOCIATION INC., et al.,  )
                             )
          Defendants.        )

**Entry Discussing Motions to Dismiss**

For the reasons explained in this Entry, the pending motions to dismiss (dkt 46 and dkt 50) will be **granted**.

**I. Background**

This is an action brought by a disgruntled homeowner against many of those with whom she has had unfortunate and longstanding conflicts. The court has subject matter over the federal claims which are asserted via 28 U.S.C. § 1331 and over the pendent claims under Indiana state law via 28 U.S.C. § 1367(a).

The plaintiff is Deborah Walton (hereinafter "Walton"). The defendants are the following:

> *The Claybridge Defendants*--Claybridge Homeowners Association, Inc., Coots Henke & Wheeler, Elizabeth I Van Tassel, Mary Lou Spellmeyer, Richard Scott, and Robert Foley;
> *Hume Smith*–the Indianapolis law firm of Hume Smith Geddes Green & Simmons, LLP.; and
> Springmill Streams Homeowners Association

The operative pleading setting forth Walton's claims is her amended complaint *sans* certain claims dismissed as legally insufficient in Part III.B. of the Entry issued on March 9, 2010.[1]

---

[1] The following claims were dismissed as legally insufficient in the Entry of March 9, 2010:

> ! Claims asserted directly under the Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution.

> ! Claims asserted under Title VII of the Civil Rights Act of 1964, as amended.

*Hume Smith* and the *Claybridge Defendants* seek dismissal of the claims against them pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

Rule 8(a) of the *Federal Rules of Civil Procedure* states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 12(b)(6) of those same *Rules* authorizes dismissal of complaints that state no actionable claim. In conducting an appropriate analysis for this purpose,

> [a]ll well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. [*Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)]. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965, 1973 n.14, 167 L.Ed.2d 929 (2007)).

*Hale v. Victor Chu,* 2010 WL 3075619, *2 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).[2]

The claims which remain are the following–(1) the defendants interfered with Walton's property rights, (2) Walton's civil rights have been violated by the defendants, (3) Walton has been subjected to abuse of process, (4) the defendants have interfered with Walton's right of contract, and (5) Walton has been subjected to constant harassment by the defendants. Both the federal claims and the pendent state law claims which can be discerned in this medley are variations on a common theme–that the defendants "have used their State given authority to lie and manipulate the legal system . . ." to bring about the destruction of Walton's property and to constantly harass Walton.

## II. Discussion

### A. Federal Claims

Walton alleges that she, a black female, purchased her current home in Springmill Streams Subdivision on January 10, 2000. A series of litigation has ensued between Walton and another subdivision, Claybridge. The lawsuits filed by Walton were defended by *Hume Smith.*

---

! Claims asserted against Judge Hughes.

! Claims asserted against the Hamilton County Court.

[2]Walton argues that the standard in *Ashcroft* does not apply, but she is mistaken. Her reliance on the repudiated standard established in *Conley v. Gibson,* 355 U.S. 41 (1957), is likewise misplaced. She also argues that the moving defendants wrongfully argue that the court lacks subject matter jurisdiction over claims asserted pursuant to 42 U.S.C. § 1983, but no such argument is made by them.

Walton alleges that "On or about October 1, 2001 Claybridge Homeowners Association, Inc., filed a Civil Complaint against Walton. . . . The dispute with the Plaintiff and Defendants are [sic] ongoing." This allegation states no claim for relief, rather it states a history of litigation of which the parties and the court are well aware.

Walton alleges no other specific misconduct against the moving defendants. No claim is stated against *Hume Smith* nor against the *Claybridge Defendants. Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

The amended complaint asserts certain claims against "Defendants." Even giving the amended complaint the most liberal reading, and reading *Hume Smith* and the *Claybridge Defendants* as part of "Defendants," the allegations against those two groups fail to state a claim upon which relief can be granted.

As further explanation, the amended complaint alleges the following:

"Defendant's [sic] have interfered with Walton's Property Rights. . . ."

"Defendants have used their State given authority to lie and manipulate the legal system and all of the records in the Hamilton County Court and recorded hearings will support Walton's assertion."

"Defendants interfered with a contract Walton signed with a Title Company and Bank." "Defendants interfered with a contract that Walton agreed to with Springmill Streams."

"Defendants have used Judge Hughes, Hamilton County Court's System, Law Firms, members of the Association and destruction of Walton's Property to constantly harass her."

The above allegations lack facial plausibility because they lack sufficient factual content from which the court could draw the reasonable inference that the moving defendants are liable for the misconduct she alleges.

### B. State Law Claims

Walton arguably asserts claims for abuse of process and for "harassment" under Indiana law, but these claims are as devoid of meaningful allegations as are the federal claims. There is no viable claim for relief asserted in them.

### III. Conclusion

The motions to dismiss filed by the *Claybridge Defendants* (dkt 46) and by *Hume Smith* (dkt 50) are **granted.**

The prevailing defendants shall have 28 days from the issuance of this Entry in which to file any petition for attorney fees and costs. Walton shall have 14 days after the date such requests are filed in which to respond.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 08/27/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Daun Antoinette Weliever
LEWIS WAGNER LLP
dweliever@lewiswagner.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

Lewis S. Wooton
LEWIS WAGNER LLP
lwooton@lewiswagner.com

Deborah Walton
12878 Mayfair Lane
Carmel, IN 46032