# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEBORAH WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:09-cv-1136-TWP-DML |
| | ) |
| SPRINGMILL STREAMS | ) |
| HOMEOWNERS ASSOCIATION, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Dismiss and Directing the Entry of Final Judgment**

As the result of prior proceedings, the sole remaining claims in this action are those asserted against the Springmill Streams Homeowners Association ("Springmill Streams"). Springmill Streams has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Walton has not opposed the motion.

A motion to dismiss pursuant to *Federal Rule of Civil Procedure* 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. In considering motions to dismiss for failure to state a claim. The court reviews the complaint in light of Rule 8(a) of the *Federal Rules of Civil Procedure*, which provides: "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The court construes "the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008). However, the court need not accept as true "legal conclusions."*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In addition, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court will evaluate each of Walton's claims pursuant to this framework.

Count I of the Amended Complaint states that "Defendants have interfered with Walton's Property Rights." This bald statement is simply a legal conclusion and Walton provides no factual basis for this claim. Accordingly, Count I must be dismissed.

Count II alleges violation of the Fifth, Thirteenth, and Fourteenth Amendments to the Constitution. But Count II contains allegations only against Judge Hughes and contains no specific allegation that Springmill Streams participated in any of the alleged violations. In other words, Count II contains no factual basis to conclude that Springmill Streams could be held liable for any of the violations alleged in Count II. Count II must be dismissed.

Count III of the Amended Complaint alleges abuse of process as follows: "Defendants have used their State given authority to lie and manipulate the legal system and all of the records in the Hamilton County Court and recorded hearings will support Walton's assertion." Again, Walton has provided merely a conclusory statement with no factual basis and with no relation to the elements of a claim for abuse of process. Such conclusory statements are insufficient to support this claim even at the pleading stage. Therefore, Count III must be dismissed.

Count IV of the Amended Complaint alleges simply that "Defendants interfered with a contract Walton signed with a Title Company and Bank" and "Defendants interfered with a contract that Walton agreed to with Springmill Streams." These unsupported legal conclusions are insufficient and Count IV must be dismissed.

Count V of the Amended Complaint states: "Defendants have used the Judge Hughes, Hamilton County Court System, Law Firms, members of the Association and the destruction of Walton's Property to constantly harass her." Walton does not state any recognizable theory of relief and again fails to provide a plausible factual basis for her claims. Therefore, Count V must be dismissed.

Each of the claims in the Amended Complaint must be dismissed and Springmill Streams' motion to dismiss (dkt 72) is therefore **granted.**

Because the claims against all of the other defendants have already been dismissed, this ruling resolves all claims against all parties. Accordingly, final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 12/09/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana